IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| DEREK ROUSE, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:22-cv-204 |
| | ) | |
| LANGUAGE LINE SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendant Language Line Services, Inc. ("Defendant"), files this Notice of Removal ("Notice") to the United States District Court for the Western District of Missouri, Western Division. Removal is proper based on the following grounds:

**I.      Facts**

1. On or about January 7, 2022, Derek Rouse ("Plaintiff") initiated a civil action captioned *Derek Rouse v. Language Line Services, Inc.*, Case No. 2216-CV01577, in the Circuit Court of Jackson County, Missouri (the "State Court Action").

2. Plaintiff's Petition alleges the following cause of action against Defendant: Count I – Violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

3. The Civil Cover Sheet associated with this Notice is attached hereto as Exhibit A.

4. True and correct copies of all the process, pleadings, and orders in the State Court Action that have been filed to date are attached hereto as Exhibit B.

5. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed on or before the first court day following thirty (30) days after service of process by Defendant. By agreement

with Plaintiff's counsel, Defendant was deemed to be served with process effective as of February 25, 2022.

6. Defendant has not filed an Answer or other pleading in the State Court Action.

## II. This Court has Federal Question Jurisdiction.

7. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331, which provides that federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States" ("Federal Question").

8. Plaintiff's Petition raises a Federal Question in that it expressly alleges that Defendant violated the FLSA, 29 U.S.C. § 201 *et seq.*, which is a law of the United States. See Exhibit B, Petition at ¶¶ 21, 34-46.

## III. This Court has Diversity Jurisdiction.

9. Plaintiff alleges that he is a resident of the state of Missouri. See Exhibit B, Petition ¶ 2. Therefore, Defendant believes in good faith that Plaintiff is a citizen of the State of Missouri for purposes of diversity jurisdiction.

10. Defendant is incorporated in the state of Delaware and has its principal place of business in the state of California.

11. Complete diversity exists between the parties because Plaintiff is a citizen of Missouri and Defendant is incorporated in the state of Delaware and has its principal place of business in the state of California. 28 U.S.C. § 1332.

12. It is readily evident that a fact finder could legally conclude that the damages Plaintiff seeks exceed the jurisdictional requisite of $75,000 based on (1) the extensive allegations and prayers for damages under Plaintiff's FLSA claim and (2) the availability under the FLSA of significant damages, including liquidated damages, as well as costs and attorneys' fees on these

claims.

13. The United States Supreme Court and the Eighth Circuit have long instructed that whether the amount in controversy is satisfied is determined based on the damages that plaintiff seeks in his petition, to which he might be entitled under the controlling law for the claims pled. In other words, if a plaintiff has articulated a legal basis for a potential award of damages which might satisfy the jurisdictional amount, then federal jurisdiction exists. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1983); *Kopp v. Kopp*, 280 F.3d 883, 884-85 (8th Cir. 2002).

14. Plaintiff alleges numerous types of damages available for alleged violation of the FLSA, which could exceed $75,000. *See* Petition at ¶¶ 43- 45.

15. In calculating the amount in controversy, a party seeking removal of a civil action to federal court may include, among other potential recoveries, a plaintiff's claim for punitive damages, statutory attorneys' fees, and for emotional distress. *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 766 (8th Cir. 2001). *See also Embry v. Everest College*, No. 16-0580, 2016 US Dist. LEXIS 119661, at *11 (W.D. Mo. Sept. 6, 2016) ("damages for emotional distress, punitive damages, or attorneys' fees . . . may be considered when assessing whether the amount in controversy has been met").

16. Plaintiff's claim for attorneys' fees under the FLSA alone creates the distinct probability of a recovery in excess of $75,000 combined with other available damages, if Plaintiff should prevail on his individual claim.

17. Accordingly, this action is one under which the Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) and (2), and which may be removed to this Court pursuant to 28 U.S.C. § 1441.

3

### IV. Venue is appropriate in this Court.

18. Removal to this court is proper pursuant to 28 U.S.C. § 1441(a) because this Court is the federal district court embracing the Circuit Court of Jackson County, Missouri, where the State Court Action was filed. Furthermore, removal to the Western Division of this Court is proper pursuant to Local Rule 3.2.

19. Defendant submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff, including, but not limited to, improper service of process, improper venue, lack of personal jurisdiction, or Plaintiff's failure to state any claims upon which relief may be granted.

20. A copy of this Notice of Removal and exhibits hereto have been served upon Plaintiff, and, together with a Notice of Filing of Removal, will be filed with the Clerk of the Circuit Court of Jackson County, Missouri.

WHEREFORE, Defendant prays that further proceedings in the Circuit Court of Jackson County, Missouri, be discontinued and that said Case Number 2216-CV01577, now pending in the Circuit Court of Jackson County, Missouri, be removed to the United States District Court for the Western District of Missouri, Western Division, and that such Court assume full jurisdiction of this action as provided by law.

Dated: March 25, 2022

Respectfully submitted,

JACKSON LEWIS P.C.

*/s/ Kyle B. Russell*
Kyle B. Russell, MO Bar #52660
7101 College Blvd, Suite 1200
Overland Park, KS 66210
Telephone: (913) 981-1018
Facsimile: (913) 981-1019
Kyle.Russell@jacksonlewis.com
ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

      I hereby certify that on this 25th day of March 2022, a true copy of the foregoing Notice of Removal was filed with the Clerk of the Court using the CM/ECF system, with a copy sent via electronic mail in PDF format, to the following counsel of record for Plaintiff:

Kevin C. Koc
THE MEYERS LAW FIRM LC
503 One Main Plaza
4435 Main Street
Kansas City, Missouri 64111
kkoc@meyerslaw.com

ATTORNEY FOR PLAINTIFF

                                        */s/ Kyle B. Russell*
                                        AN ATTORNEY FOR DEFENDANT

5

Case 4:22-cv-00204-DGK   Document 1   Filed 03/25/22   Page 5 of 5