# Exhibit B
# Documents filed in the State Court Action

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY

| | |
|---|---|
| **DEREK ROUSE** <br> individually and on behalf of all <br> others similarly situated, <br><br> Plaintiff <br><br> vs. <br><br> **LANGUAGE LINE SERVICES, INC.** <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No.: <br> ) <br> ) <br> ) <br> ) <br> ) |

## PETITION

Plaintiff, Derek Rouse [hereinafter sometimes referred to as "Plaintiff"], individually and on behalf of all those similarly situated, by and through counsel, hereby sets forth this action for violations of the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 et seq., against Language Line Services, Inc., ("LLS" or "Defendant") as follows:

### PRELIMINARY STATEMENT

1. Plaintiff, and all employees similarly situated to him, allege that LLS knowingly and unlawfully failed and refused to compensate them with proper overtime pay as required by federal law and that no applicable exemption or exception excused LLS from non-payment of said overtime.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over the claims because LLS employed individuals who lived in Missouri and provided services to businesses that operate in the state of Missouri.

3. The Court has personal jurisdiction over LLS because it is a foreign corporation registered to do business in the State of Missouri.

## FACTUAL STATEMENT

4. LLS employed Plaintiff in a salaried position wherein he provided direct training services to clients of LLS during the relevant timeframe of this lawsuit.

5. As part of his job duties, Plaintiff and those similarly situated, were assigned to travel on a weekly basis to sites of LLS's customers at which location, Plaintiff and those similarly situated would primarily provide training to LLS's customers on how to utilize LLS's software.

6. Plaintiff, and those similarly situated, would catch an early morning flight and arrive at the client worksite by approximately early afternoon on Mondays.

7. Plaintiff, and those similarly situated, were required to complete work activities for the benefit of LLS during the flight time.

8. From Tuesday to Thursday, Plaintiff and those similarly situated, worked a normal day of 7:45 am to approximately 6 or 7pm.

9. On Fridays, Plaintiff and those similarly situated, worked from 7:45 am for approximately eight hours and then caught a return flight home at the conclusion of the eight hours of work.

10. Plaintiff and those similarly situated were also expect to perform work on their flight home.

11. LLS explicitly states that Plaintiff and those similarly situated to him were hired for a 40 hour a week position that was classified as Exempt.

12. In fact, Plaintiff and those similarly situated worked closer to 50-55 hours a week rather than 40 hours a week.

13. Further, Plaintiff and those similarly situated were misclassified as Exempt as neither the Professional, Executive or Administrative exemptions apply to the duties that were

performed by Plaintiff for LLS.

14. On information and belief, LLS employs individuals like Plaintiff under different job titles, but their primary duty was to serve as travelling trainers for LLS.

15. Plaintiff's job titles during his employment were as an Implementation Specialist and as an Implementation Specialist I.

16. Plaintiff knew other individuals whose job expectations and job requirements were substantially similarly to his that were titled as Regional Support Executive and whose primary job duties were to provide training support.

17. As required by the FLSA, records of all hours worked should be available from LLS, and from such records a proper calculation of time worked and overtime owed can be determined.

18. LLS knew or should have known that its travelling training personnel were not subject to any exemption such that their work in excess of 40 hours per week compensable under the FLSA at the applicable overtime rate of pay.

19. LLS knows that it has an obligation to have compensated Plaintiff and similarly situated employees for all time worked (using the appropriate overtime premium) in order to properly compensate Plaintiff and those similarly situated, but fails to do so.

20. LLS enjoys ill-gained profits at the expense of its employees.

ALLEGATIONS PERTAINING TO COLLECTIVE ACTION CLAIM

21. Count I (as set forth in more detail below) is brought as an "opt in" collective action pursuant to 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by LLS within three years from the commencement of this action, and who were paid in the same unlawful manner as Plaintiff (the Putative Plaintiffs).

22. Count I may be brought and maintained as an "opt-in" collective action pursuant to Section 16 of the FLSA, 29 U.S.C. § 216(b) for all claims asserted by Plaintiff because their claims are similar to the claims of the Putative Plaintiffs of the representative action.

23. Plaintiff and the Putative Plaintiffs are similarly situated and are subject to LLS's common practice, policy, or plan of misclassifying travelling training professionals as exempt from overtime and not paying overtime wages to them.

24. The FLSA Class of similarly situated plaintiffs in Count I is defined as:

> All current and former Exempt employees who were required to travel weekly and provide onsite training to LLS customers within the past three years.

25. The names and addresses of the Putative Plaintiffs of the representative action are available from LLS and to the extent required by law, notice will be provided to said individuals via First Class Mail and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

26. The FLSA regulates, among other things, the payment of donning and doffing safety gear and overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

27. LLS is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in commerce. 29 U.S.C. § 203.

28. On information and belief, at all relevant times, LLS has had gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

29. On information and belief, at all relevant times, LLS has employed and/or continues

to employ "employee[s]," including each of the Plaintiff and the putative class members of the FLSA representative action.

30. At all relevant times, Plaintiff and the putative class members, were engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

31. Although the FLSA provides for various methods for exempting employees from overtime compensation, LLS may use none of these methods to justify its method of compensating Plaintiff and the putative class members and cannot meet its burden to prove otherwise.

32. LLS failed to pay employees an overtime rate of pay for hours worked in excess of forty per week and thereby failed to compensate them in compliance with the requirements of the FLSA.

33. LLS is an entity that is covered by the FLSA and is subject to compensating its employees (including Plaintiff and Putative Plaintiffs) pursuant to the FLSA's requirements.

## COUNT I – FLSA CLAIM

34. Plaintiff hereby incorporates by reference the above stated paragraphs as though fully set forth herein.

35. Plaintiff and Putative Plaintiffs of the representative action are not exempt from the overtime requirements set forth in the FLSA.

36. Plaintiff and Putative Plaintiffs of the representative action are each employees covered by the provisions of the FLSA.

37. Named Plaintiff's consent to join forms is attached as **Exhibit A**.

38. The FLSA requires each non-exempt covered employee, such as Plaintiff and the putative class members, to be compensated for each hour worked in excess of forty hours per week at a rate of one and one-half times their regular rate of pay.

Electronically Filed - Jackson - Kansas City - January 07, 2022 - 04:36 PM

39. LLS was the employer of Plaintiff and the putative class members within the meaning of the FLSA.

40. LLS failed to compensate Plaintiff and the putative class members for their overtime work in compliance with the FLSA.

41. LLS failed to pay Plaintiff and the putative class members at the applicable wage rates for all hours spent performing activities for LLS in excess of forty hours per week.

42. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

43. LLS owes Plaintiff and the putative class members of the representative action appropriate compensation for their hours worked in excess of forty hours per week (hereinafter referred to as "Compensation Due") in addition to liquidated damages, costs and expenses incurred in this action and the reasonable attorneys' fees incurred by their counsel.

44. LLS is liable for an amount equal to Compensation Due to Plaintiff and the Putative Plaintiffs of the representative action, as liquidated damages because they knew, or should have known, that Plaintiff and Putative Plaintiffs of the representative action were not being paid overtime rates for hours worked in excess of forty hours per week.

45. Alternatively, should the Court find LLS did act with good faith and reasonable grounds in failing to pay the mandated overtime compensation, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

46. Plaintiff and Putative Plaintiffs of the representative action are entitled to a reasonable attorney fee and any costs incurred in pursuing this action.

WHEREFORE Plaintiff, on behalf of himself and all Putative Plaintiffs of the representative action, pray for relief as follows:

a. Designation of this action as a collective action on behalf of the proposed members of the representative action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the opt-in class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b. Designation of Plaintiff as the Representative Plaintiff of the Putative Plaintiffs of the representative action;

c. Designation of Plaintiff's counsel as Class Counsel of the putative members of the FLSA Representative Action;

d. An award of damages for unpaid overtime wages due for the Plaintiff and the putative members of the class, including liquidated damages, to be paid by LLS;

e. An award of costs and expenses of this action incurred herein, in addition to reasonable attorney fees and expert fees.

f. An appropriate award to named plaintiff for the work associated with acting as representatives of the putative class.

g. An award of pre-judgment and post-judgment interest as provided by law; and

h. Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

WHEREFORE Plaintiff individually and on behalf of all others similarly situated pray for judgment against LLS for an award of compensatory damages; pre-judgment and post-judgment interest as provided by law; all additional damages available and for such other orders and further relief, including an award of costs and attorney's fees, as this Court deems just and equitable.

Respectfully Submitted,

**THE MEYERS LAW FIRM LC**
/s/ Kevin C. Koc.
Kevin C. Koc, (MO #56955)
503 One Main Plaza
4435 Main St.
Kansas City, Missouri 64111
Telephone: 816-444-8500
Facsimile: 816-444-8508
kkoc@meyerslaw.com

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY

| | |
|---|---|
| DEREK ROUSE<br>individually and on behalf of all<br>others similarly situated,<br><br>        Plaintiff<br>vs.<br><br>LANGUAGE LINE SERVICES, INC.<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)  Case No.:<br>)<br>)<br>)<br>) |

**PLAINTIFF'S CONSENT TO JOIN LITIGATION**

      I hereby consent to be a party plaintiff seeking unpaid overtime pay against Defendant Language Line Services, Inc. I further acknowledge that this consent is intended to be filed to recover unpaid wages I believe I am owed by Defendant and/or related entities, whether in the case in which this consent is initially filed or in any subsequent action that may be filed on my behalf for such recovery. For purposes of pursuing my overtime claims against Defendant, I choose to be represented by The Meyers Law Firm, LC and any other attorney with whom it wishes to be affiliated.

**Please print or type the following information:**

| Derek L Rouse | _[signature]_ | 1/6/2021 |
|---|---|---|
| **Full Name** (Print clearly) | **Signature** | **Date** |

1

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY

**DEREK ROUSE**,

                **PLAINTIFF(S)**,        **CASE NO. 2216-CV01577**

VS.                                            **DIVISION 3**

**LANGUAGE LINE SERVICES, INC.**,

                **DEFENDANT(S).**

**NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE
AND ORDER FOR MEDIATION**
_____

      NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable **JERRI J ZHANG** on **05-MAY-2022** in **DIVISION 3** at **01:30 PM**. All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting. Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file. All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

      A lead attorney of record must be designated for each party as required by Local Rule 3.5.1. A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2. The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS. Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

      At the Case Management Conference, counsel should be prepared to address at least the following:

      a.    A trial setting;

      b.    Expert Witness Disclosure Cutoff Date;

      c.    A schedule for the orderly preparation of the case for trial;

      d.    Any issues which require input or action by the Court;

      e.    The status of settlement negotiations.

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court. Each party shall personally appear at the mediation and participate in the process. In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case. If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.

/S/ **JERRI J ZHANG**
JERRI J ZHANG**, Circuit Judge**

Certificate of Service

This is to certify that a copy of the foregoing was mailed postage pre-paid or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition. It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
KEVIN C KOC, 1600 GENESSEE, SUITE 303, KANSAS CITY, MO 64102-5639

Defendant(s):
LANGUAGE LINE SERVICES, INC.

Dated: 26-JAN-2022    MARY A. MARQUEZ
Court Administrator

**RE**: **DEREK ROUSE V LANGUAGE LINE SERVICES, INC.**
**CASE NO:** **2216-CV01577**

**TO:** **KEVIN C KOC**
**503 1 MAIN PLAZA**
**4435 MAIN ST**
**KANSAS CITY MO 64111**

We have received pleadings, which you submitted for filing in the case and they have been file-stamped on <u>1-7-22</u>. However, your pleading cannot be processed further until the following action is taken:

**RULE 3.2 - STYLE**
☐ Additional service instructions are needed.
☐ Incorrect case number/filed in wrong county.
☐ Document is unreadable.

**RULE 4.2 (2)**
☐ Need Circuit Court Form 4

**RULE 5.6 – COLLECTIONS OF DEPOSIT**
☐ No fee, or incorrect fee, received; fee required is $_____.
☐ Insufficient Filing Fee; Please Remit $_____.
☐ No signature on check/form 1695.
☐ No request to proceed in forma pauperis.
☐ No personal checks accepted.

**RULE 68.1**
☐ Need Circuit Court Form 17

**RULE 68.7 – VITAL STATISTICS REPORT**
☐ Need Certificate of dissolution of marriage form.

**RULE 74.14 SUPREME CT – FOREIGN JUDGMENT**
☐ Authentication of foreign judgment required.
☐ Affidavit pursuant to Supreme Court Rule 74.14

**RULE 54.12 SERVICE IN REM OR QUASI IN REM ACTIONS**
☐ Affidavit for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Order for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Notice for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Affidavit for Service by Certified/Registered Mail pursuant to Supreme Court Rule 54.12b.

☒ **OTHER:** If service is needed please provide instructions and also if there is a registered agent will need it also. Thank you 816-881-1655
☐ Please take the actions necessary to comply with the Circuit Court Rules and your request will be processed.
☐ The private process server listed is not on our approved list.
☐ Execution in effect. Return date _____. Request may be resubmitted within one week prior to return date.
☐ Supreme Court Rule 90.13 requires interrogatories be served with summons of garnishment.

**If the filing was a new case, please be advised that unless the additional information marked is received within 30 days of the date of this notice this case will be dismissed pursuant to Rule 37.4 for failure to prosecute without prejudice, at the Plaintiff's cost. Collection efforts will be pursued for these costs.**

Please refer to the Court's website at www.16thcircuit.org for Court Rules or Forms.

Copies electronic noticed, faxed, emailed and/or mailed JANUARY 26, 2022 to:

COURT ADMINISTRATOR'S OFFICE
**DEPARTMENT OF CIVIL RECORDS**
CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

JANUARY 26, 2022                     By _____
Date                                 Deputy Court Administrator
                                     ☒ 415 East 12th St., Kansas City, Missouri 64106
                                     ☐ 308 W. Kansas, Independence, Missouri 64050

| | |
|---|---|
| **DEREK ROUSE,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )    Case No.:    2216-CV-01577 |
| | ) |
| **LANGUAGE LINE SERVICES, INC.** | ) |
| **SERVE: CT CORPORATION SYSTEM** | ) |
| **120 S. Clayton Ave.** | ) |
| **Clayton, MO 63105** | ) |
| | ) |
|     **Defendant.** | ) |

## REQUEST FOR ALIAS SUMMONS

**COMES NOW**, Plaintiff, this 1st day of February, 2022, by and through his attorney of record, and hereby requests that an Alias Summons be issued to be served by the **St. Louis County, Missouri Sheriff's Department** upon **Defendant Language Line Services, Inc., c/o C.T. Corporation System, Inc.** at the address listed above.

Respectfully submitted,

**THE MEYERS LAW FIRM, LC**

By:    */s/ Kevin C. Koc*
        Kevin C. Koc  MO #65955
        *kkoc@meyerslaw.com*
        4435 Main Street
        Suite 503
        Kansas City, Missouri 64111
        (816) 444-8500
        (816) 444-8508 *facsimile*

        ATTORNEYS FOR PLAINTIFF



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division: | Case Number: 2216-CV01577 |
|---|---|
| JERRI J ZHANG | |
| Plaintiff/Petitioner: | Plaintiff's/Petitioner's Attorney/Address |
| DEREK ROUSE | KEVIN C KOC |
| | THE MEYERS LAW FIRM LC |
| | 503 ONE MAIN PLAZA |
| | 4435 MAIN ST |
| vs. | KANSAS CITY, MO 64111 |
| Defendant/Respondent: | Court Address: |
| LANGUAGE LINE SERVICES, INC. | 415 E 12th |
| Nature of Suit: | KANSAS CITY, MO 64106 |
| CC Other Tort | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** LANGUAGE LINE SERVICES, INC.
**Alias:**
CT CORPORATION SYSTEM
120 S CLAYTON AVE
CLAYTON, MO 63105

*COURT SEAL OF JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

08-FEB-2022
Date                                                                                  Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____ a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to
_____ (name) _____ (title).
☐ other _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                              _____
Printed Name of Sheriff or Server                          Signature of Sheriff or Server

(Seal)   **Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).
My commission expires: _____       _____
                                          Date                                                   Notary Public

**Sheriff's Fees**
Summons                              $_____
Non Est                                  $_____
Sheriff's Deputy Salary
Supplemental Surcharge       $    10.00
Mileage                                  $_____ (_____ miles @ $._____ per mile)
**Total**                                   $_____

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (11/2021) SM30 (JAKSMCC) For Court Use Only: Document Id # 22-SMCC-808   1 of 1   Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:22-cv-00204-DGK   Document 1-2   Filed 03/25/22   Page 15 of 16

# SUMMONS/GARNISHMENT SERVICE PACKETS
# ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made. Thank you.

Circuit Court of Jackson County

6/2020