IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DISTRICT

| DEREK ROUSE | ) | |
|---|---|---|
| individually and on behalf of all | ) | |
| others similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 4:22-cv-00204-DGK |
| v. | ) | |
| | ) | |
| LANGUAGE LINE SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S PETITION

COMES NOW Defendant Language Line Services, Inc. ("Defendant"), by and through counsel, and for its Answer and affirmative and other defenses to Plaintiff Derek Rouse's ("Plaintiff") Petition, state as follows:

## PRELIMINARY STATEMENT

1. Plaintiff, and all employees similarly situated to him, allege that LLS knowingly and unlawfully failed and refused to compensate them with proper overtime pay as required by federal law and that no applicable exemption or exception excused LLS from non-payment of said overtime.

**ANSWER:** Defendant denies the allegations contained in Paragraph 1 of Plaintiff's Petition.

## JURISDICTION AND VENUE

2. This court has jurisdiction over the claims because LLS employed individuals who lived in Missouri and provided services to businesses that operate in the state of Missouri.

1

**ANSWER:** Paragraph 2 contains legal conclusions, to which no response is required. To the extent a response is required, Defendant admits that it employed individuals in Missouri and provided services to business that operated in Missouri.

3. The Court has personal jurisdiction over LLS because it is a foreign corporation registered to do business in the State of Missouri.

**ANSWER**: Paragraph 3 contains legal conclusions, to which no response is required. To the extent a response is required, Defendant admits it is a foreign corporation registered to do business in Missouri.

## FACTUAL STATEMENT

4. LLS employed Plaintiff in a salaried position wherein he provided direct training services to clients of LLS during the relevant timeframe of this lawsuit.

**ANSWER:** Defendant admits the allegations contained in Paragraph 4 of Plaintiff's Petition.

5. As part of his job duties, Plaintiff and those similarly situated, were assigned to travel on a weekly basis to sites of LLS's customers at which location, Plaintiff and those similarly situated would primarily provide training to LLS's customers on how to utilize LLS's software.

**ANSWER:** Defendant denies the allegations contained in Paragraph 5 of Plaintiff's Petition with respect to Plaintiff, denies that any other individuals are "similarly situated" to Plaintiff, and denies that class or collective action treatment is appropriate whatsoever.

6. Plaintiff, and those similarly situated, would catch an early morning flight and arrive at the client worksite by approximately early afternoon on Mondays.

**ANSWER:** In response to Paragraph 6 of Plaintiff's Petition, Defendant admits that Plaintiff sometimes traveled by plane to client worksite locations on Mondays. Defendant denies

that any other individuals were "similarly situated" to Plaintiff, and denies that class or collective action treatment is appropriate whatsoever in this action.

7. Plaintiff, and those similarly situated, were required to complete work activities for the benefit of LLS during the flight time.

**ANSWER:** In response to Paragraph 7 of Plaintiff's Petition, Defendant admits that Plaintiff may have been required, from time to time, to do LLS client-related work activities during a flight. Defendant denies that any individuals are "similarly situated" to Plaintiff, and denies that class or collective action treatment is appropriate whatsoever in this action.

8. From Tuesday to Thursday, Plaintiff and those similarly situated, worked a normal day of 7:45 am to approximately 6 or 7pm.

**ANSWER:** To the extent Paragraph 8 of Plaintiff's Petition alleges that Plaintiff and/or other individuals worked from 7:45 a.m. until "approximately 6 or 7 pm" every single Tuesday, Wednesday and Thursday, Defendant denies the allegations. Defendant further denies that any individuals are "similarly situated" to Plaintiff, and denies that class or collective action treatment is appropriate whatsoever in this action.

9. On Fridays, Plaintiff, and those similarly situated, worked from 7:45 am for approximately eight hours and then caught a return flight home at the conclusion of the eight hours of work.

**ANSWER:** To the extent Paragraph 9 of Plaintiff's Petition alleges that Plaintiff and/or other individuals worked starting at 7:45 for 8 hours and then traveled home by plane every single Friday, Defendant denies the allegations. Defendant further denies that any individuals are "similarly situated" to Plaintiff, and denies that class or collective action treatment is appropriate whatsoever in this action.

10. Plaintiff and those similarly situated were also expected to perform work on their flight home.

**ANSWER:** To the extent Paragraph 10 of Plaintiff's Petition is alleging that Plaintiff and/or other individuals were always expected to perform work on their flights home every Friday, Defendant denies the allegations. Defendant further denies that any individuals were "similarly situated" to Plaintiff, and denies that class or collective action treatment is appropriate whatsoever in this action.

11. LLS explicitly states that Plaintiff and those similarly situated to him were hired for a 40 hour a week position that was classified as Exempt.

**ANSWER:** In response to paragraph 11 of Plaintiff's Petition, Defendant states that its work guidelines for the position Plaintiff held state that Plaintiff may be required to work 40 hours or more per week. Defendant denies any remaining allegations contained in Paragraph 11 of Plaintiff's Petition. Defendant further denies that any individuals were "similarly situated" to Plaintiff, and denies that class or collective action treatment is appropriate whatsoever in this action.

12. In fact, Plaintiff and those similarly situated worked closer to 50-55 hours a week rather than 40 hours a week.

**ANSWER:** Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Petition. Defendant further denies that any individuals were "similarly situated" to Plaintiff, and denies that class or collective action treatment is appropriate whatsoever in this action.

13. Further, Plaintiff and those similarly situated were misclassified as Exempt as neither the Professional, Executive or Administrative exemptions apply to the duties that were performed by Plaintiff or LLS.

**ANSWER:** Defendant denies the allegations in paragraph 13 of Plaintiff's Complaint. Defendant specifically denies that any individuals were "similarly situated" to Plaintiff, and denies that class or collective action treatment is appropriate whatsoever in this action.

14. On information and belief, LLS employs individuals like Plaintiff under different job titles, but their primary duty was to serve as traveling trainers for LLS.

**ANSWER:** Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Petition.

15. Plaintiff's job titles during his employment was as an Implementation Specialist and as an Implementation Specialist I.

**ANSWER:** Defendant admits the allegations contained in Paragraph 15 of Plaintiff's Petition.

16. Plaintiff knew other individuals whose job expectations and job requirements were substantially similar to his that were titled as Regional Support Executive and whose primary duties were to provide training support.

**ANSWER:** Defendant is without sufficient information to admit or deny allegations regarding other individuals Plaintiff alleges he knew and, therefore, denies those allegations. Defendant denies the remaining allegations contained in Paragraph 16 of Plaintiff's Petition.

17. As required by the FLSA, records of all hours worked should be available from LLS, and from such records a proper calculation of time worked and overtime owed can be determined.

**ANSWER:** Paragraph 17 of Plaintiff's Petition contains legal conclusions, to which no response is required. To the extent a response is required, Defendant states that it abides by the

requirements of the FLSA and denies any remaining allegations contained in Paragraph 17 of Plaintiff's Petition.

18. LLS knew or should have known that its travelling training personnel were not subject to any exemption such that their work in excess of 40 hours per week compensable under the FLSA at the applicable overtime rate of pay.

**ANSWER:** Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Petition.

19. LLS knows that is has an obligation to have compensated Plaintiff and similarly situated employees for all time worked (using the appropriate overtime premium) in order to properly compensate Plaintiff and those similarly situated, but fails to do so.

**ANSWER:** Defendant admits that it compensates all of its employees for all time worked and denies the remaining allegations contained in Paragraph 19 of Plaintiff's Petition. Defendant specifically denies that any individuals were "similarly situated" to Plaintiff, and denies that class or collective action treatment is appropriate whatsoever in this action.

20. LLS enjoys ill-gained profits at the expense of its employees.

**ANSWER:** Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Petition.

## ALLEGATIONS PERTAINING TO COLLECTIVE ACTION CLAIM

21. Count I (as set forth in more detail below) is brought as an "opt in" collective action pursuant to 29 U.S.C. §216(b), on behalf of all persons who were, are, or will be employed by LLS within three years from the commencement of this action, and who were paid in the same unlawful manner as Plaintiff (the Putative Plaintiffs).

**ANSWER:** Defendant acknowledges that Plaintiff purports to bring this action as a collective action as alleged in Paragraph 21 of Plaintiff's Petition. Defendant denies that a class of similarly situated employees exist, and further denies that this case is appropriate for collective treatment. Defendant denies the remaining allegations contained in Paragraph 21 of Plaintiff's Petition.

22. Count I may be brought and maintained as an "opt-in" collective action pursuant to Section 16 of the FLSA, 29 U.S.C. § 216(b) for all claims asserted by Plaintiff because their claims are similar to the claims of the Putative Plaintiffs of the representative action.

**ANSWER:** Defendant acknowledges that Plaintiff purports to bring this action as a collective action as alleged in Paragraph 22 of Plaintiff's Petition. Defendant denies that a class of similarly situated employees exist, and further denies that this case is appropriate for collective treatment. Defendant denies any remaining allegations contained in Paragraph 22 of Plaintiff's Petition.

23. Plaintiff and the Putative Plaintiffs are similarly situated and are subject to LLS's common practice, policy, or plan of misclassifying traveling training professionals as exempt from overtime and not paying overtime wages to them.

**ANSWER:** Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Petition.

24. The FLSA Class of similarly situated plaintiffs in Count I is defined as: All current and former Exempt employees who were required to travel weekly and provide onsite training to LLS customers within the past three years.

**ANSWER:** Paragraph 24 of Plaintiff's Petition contains a definition which does not require a response from Defendant. To the extent that a response is required, Defendant denies that

a class of similarly situated employees exists and denies any remaining allegations contained in Paragraph 24 of Plaintiff's Petition.

25. The names and addresses of Putative Plaintiffs of the representative action are available from LLS and to the extent required by law, notice will be provided to said individuals via First Class Mail and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

**ANSWER:** In response to Paragraph 25 of Plaintiff's Petition, Defendant admits that it maintains the names and addresses of certain of its former employees. Defendant denies the remaining allegations in Paragraph 25 and denies that class or collective action treatment is appropriate.

26. The FLSA regulates, among other things, the payment of donning and doffing safety gear and overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

**ANSWER:** Paragraph 26 of Plaintiff's Petition contains legal conclusions which do not require a response from Defendant. Defendant denies the remaining allegations contained in Paragraph 26 of Plaintiff's Petition.

27. LLS is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in commerce. 29 U.S.C. § 203.

**ANSWER:** Paragraph 27 of Plaintiff's Complaint contains legal conclusions, to which no response is required. To the extent a response is required, Defendant admits it abides by the FLSA but denies any remaining allegations contained in Paragraph 27 of Plaintiff's Petition.

28. On information and belief, at all relevant times, LLS has had gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

**ANSWER:** Defendant admits the allegations contained in Paragraph 28 of Plaintiff's Petition to the extent they relate to annual gross revenue.

29. On information and belief, at all relevant times, LLS has employed and/or continues to employ "employee[s]," including each of the Plaintiff and the putative class members of the FLSA representative action.

**ANSWER:** Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 29 of Plaintiff's Petition because it is unclear as to who the putative class members are. Defendant denies any remaining allegations contained in Paragraph 29 of Plaintiff's Petition.

30. At all relevant times, Plaintiff and the putative class members, were engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

**ANSWER:** Paragraph 30 of Plaintiff's Petition contains legal conclusions, to which no response is required. To the extent a response is required, Defendant admits that Plaintiff was covered by the FLSA, but denies that class or collective action treatment is appropriate in this action.

31. Although the FLSA provides for various methods for exempting employees from overtime compensation, LLS may use none of these methods to justify its method of compensating Plaintiff and the putative class members and cannot meet its burden to prove otherwise.

**ANSWER:** Paragraph 31 of Plaintiff's Petition contains legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 31 of Plaintiff's Petition.

32. LLS failed to pay employees an overtime rate of pay for hours worked in excess of forty per week and thereby failed to compensate them in compliance with the requirements of the FLSA.

**ANSWER:** Defendant denies the allegations contained in Paragraph 32 of Plaintiff's Petition.

33. LLS is an entity that is covered by the FLSA and is subject to compensating its employees (including Plaintiff and Putative Plaintiffs) pursuant to the FLSA's requirements.

**ANSWER:** Defendant admits that it is a covered employer under the FLSA. Defendant denies the remaining allegations contained in Paragraph 33 of Plaintiff's Petition.

### COUNT I — FLSA CLAIM

34. Plaintiff hereby incorporates by reference the above stated paragraphs as though fully set forth herein.

**ANSWER:** Defendant incorporates by reference its prior responses, including all denials.

35. Plaintiff and Putative Plaintiffs of the representative action are not exempt from the overtime requirements set forth in the FLSA.

**ANSWER:** Defendant denies the allegations contained in Paragraph 35 of Plaintiff's Petition.

36. Plaintiff and Putative Plaintiffs of the representative action are each employees covered by the provisions of the FLSA.

**ANSWER:** In response to Paragraph 36 of Plaintiff's Petition, Defendant admits that Plaintiff was an employee covered by the FLSA, but denies that any "Putative Plaintiffs" were covered because it denies that class or collective action treatment is appropriate in this action.

37. Named Plaintiff's consent to join form is attached as **Exhibit A**.

**ANSWER:** In response to Paragraph 37 of Plaintiff's Petition, Defendant admits that a document that appears to be a consent to join form with Plaintiff's digital signature is attached to Plaintiff's Petition as Exhibit A.

38. The FLSA requires each non-exempt covered employee, such as Plaintiff and the putative class members, to be compensated for each hour worked in excess of forty hours per week at a rate of one and one-half times their regular rate of pay.

**ANSWER:** Paragraph 26 of Plaintiff's Petition contains legal conclusions which do not require a response from Defendant. Defendant denies the remaining allegations contained in Paragraph 26 of Plaintiff's Petition.

39. LLS was the employer of Plaintiff and the putative class members within the meaning of the FLSA.

**ANSWER:** Paragraph 39 of Plaintiff's Petition contains legal conclusions, to which no response is required. To the extent a response is required, Defendant admits that Plaintiff and certain other employees with the same job title as Plaintiff were its employees.

40. LLS failed to compensate Plaintiff and the putative class members for their overtime work in compliance with the FLSA.

**ANSWER:** Defendant denies the allegations contained in Paragraph 40 of Plaintiff's Petition.

41. LLS failed to pay Plaintiff and the putative class members at the applicable wage rates for all hours spent performing activities for LLS in excess of forty hours per week.

**ANSWER:** Defendant denies the allegations contained in Paragraph 41 of Plaintiff's Petition.

42. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

**ANSWER:** Defendant denies the allegations contained in Paragraph 42 of Plaintiff's Petition and specifically denies that any violation of law occurred.

43. LLS owes Plaintiff and the putative class members of the representative action appropriate compensation for their hours worked in excess of forty hours per week (hereinafter referred to as "Compensation Due") in addition to liquidated damages, costs and expenses incurred in this action and the reasonable attorneys' fees incurred by their counsel.

**ANSWER:** Defendant denies that any cause of action exists and specifically denies that Plaintiff and the putative class members are entitled to damages or to any relief whatsoever. Defendant denies any remaining allegations contained in Paragraph 43 of Plaintiff's Petition.

44. LLS is liable for an amount equal to Compensation Due to Plaintiff and the Putative Plaintiffs of the representative action, as liquidated damages because they knew, or should have known, that Plaintiff and Putative Plaintiffs of the representative action were not being paid overtime rates for hours worked in excess of forty hours per week.

**ANSWER:** Defendant denies the allegations contained in Paragraph 44 of Plaintiff's Petition and specifically denies any wrongdoing. Defendant denies any remaining allegations contained in Paragraph 44 of Plaintiff's Petition.

45. Alternatively, should the Court find LLS did act with good faith and reasonable grounds in failing to pay the mandated overtime compensation, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

**ANSWER:** Defendant denies the allegations contained in Paragraph 45 of Plaintiff's Petition.

46. Plaintiff and Putative Plaintiffs of the representative action are entitled to a reasonable attorney fee and any costs incurred in pursuing this action.

**ANSWER:** Defendant denies the allegations contained in Paragraph 46 of Plaintiff's Petition and specifically denies that Plaintiff is entitled to any damages sought.

WHEREFORE, having fully answered the allegations contained in Plaintiff's Petition, Defendant Language Line Services, Inc. respectfully requests that this Court issue its order entering judgment in its favor, for its costs and fees incurred herein, and for all other and further relief as the Court deems just and proper.

## AFFIRMATIVE AND OTHER DEFENSES

1. Each and every count contained in Plaintiff's Petition fails to state a claim upon which relief can be granted.

2. Some or all of the claims contained in Plaintiff's Petition are frivolous, unreasonable, and vexatious, thereby entitling Defendant to costs and attorneys' fees incurred in the defense of this action.

3. Plaintiff is exempt from overtime requirements of the FLSA pursuant to 29 U.S.C. §207(i).

4. Plaintiff's claims cannot be maintained as a collective action under the FLSA because Plaintiff is not similarly situated to the other members of the class Plaintiff purports to represent, the existence of which is expressly denied; and therefore, Plaintiff is an inadequate representative of the class members.

5. Plaintiff's actions cannot be maintained as a collective or a class action because the requirements for such an action cannot be met under the facts pleaded.

6. Plaintiff's action cannot be maintained as a collective or class action because the allegations, facts, and defenses relating to Plaintiff separately and individually will not support such an action.

7. Plaintiff's proposed class definition is vague and overbroad.

8. Plaintiff lacks standing to raise some or all of his claims and/or the claims of the members of the class Plaintiff purports to represent against Defendant.

9. Plaintiff's Petition is barred, in whole or in part, by the doctrine of payment, as Plaintiff has been properly compensated.

10. Plaintiff's claims, and those claims of any other person on whose behalf Plaintiff seeks to assert a claim under the FLSA, are barred because they were all paid wages due under the FLSA.

11. Plaintiff's claims, and those claims of any other person on whose behalf Plaintiff seeks to assert a claim under the FLSA, are barred to the extent that Defendant's actions have been taken in good faith, in conformity with, and reliance upon established rulings, administrative regulations, and interpretations of the FLSA within the meaning of 29 U.S.C. § 259.

12. Defendant's actions have been in good faith and based upon reasonable grounds for believing that such actions were not in violation of the FLSA, within the meaning of 29 U.S.C. §260. Thus, even if Defendant is found to have violated the FLSA, Plaintiff is not entitled to liquidated damages under the FLSA.

13. Defendant has not engaged in any act constituting willful misconduct, demonstrating wantonness, oppression, want of care, or any other conduct of any type whatsoever which could support an award of liquidated damages under applicable law.

14. Defendant acted in a reasonable manner and in good faith and without motive, malice, means, or reckless indifference towards Plaintiff's rights.

WHEREFORE, having fully answered Plaintiff's Petition, Defendant prays for judgment in its favor and against Plaintiff and for reasonable attorneys' fees and costs incurred in connection with this litigation, and for any other relief the Court deems just and proper.

Dated:  April 15, 2022                                    Respectfully submitted,

*/s/ Kyle B. Russell*
Kyle B. Russell, MO Bar #52660
7101 College Blvd, Suite 1200
Overland Park, KS 66210
Telephone: (913) 981-1018
Facsimile: (913) 981-1019
Kyle.Russell@jacksonlewis.com

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of April, 2022, a true and accurate copy of the foregoing was filed electronically via the Court's CM/ECF electronic filing system, which will send a notice of electronic filing to the following counsel of record:

Kevin C. Koc
THE MEYERS LAW FIRM LC
503 One Main Plaza
4435 Main St.
Kansas City, MO 64111
kkoc@meyerslaw.com

**ATTORNEY FOR PLAINTIFF**

              */s/ Kyle B. Russell*
              ATTORNEY FOR DEFENDANT

4880-4176-3100, v. 1