Exhibit 1

# SETTLEMENT AGREEMENT

# AND

# RELEASE OF CLAIMS

**Derek Rouse, *et al*.**

**and**

**Language Line Services, Inc.**

# SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims, along with all exhibits hereto (collectively, the "Settlement Agreement"), is entered into by and between Language Line Services, Inc. ("Language Line"), on the one hand, and Derek Rouse (the "Named Plaintiff"), on the other hand, for himself and a class of all similarly situated employees, in the case of *Derek Rouse, on behalf of himself and all other similarly situated persons v. Language Line Services, Inc.* Case No: 4:22-cv-00204, pending in the United States District Court for the Western District of Missouri (the "Litigation").

## RECITALS

WHEREAS, on January 7, 2022 the Named Plaintiff filed a collective action lawsuit pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA"), against Language Line. (Doc. 1) on behalf of Implementation Specialists ("putative class"), in Missouri State Court, and

WHEREAS, on March 25, 2022, Language Line filed a notice of removal to transfer this case to the Western District of Missouri and filed an Answer on April 15, 2022 denying the material allegations in the Petition and asserting numerous defenses to the claims in the Litigation. (Docs 1,6) and,

WHEREAS, the parties began the discovery process, including the exchange of Rule 26 disclosures, written discovery, and an informal exchange of information, data, and documents necessary for mediation and to fully and fairly evaluate the claims of the Named Plaintiff and putative class members, including comprehensive personnel and employment related information such as putative class members' dates of employment, compensation data, timekeeping/point of sale records, and company policies, and

WHEREAS, the parties initially mediated the Litigation on July 21, 2022 with experienced mediator and former defense attorney David Vogel, of Eichens + Vogel Mediation Solutions, but did not arrive at a resolution at the initial mediation. Thereafter, the parties attended a second mediation, following an additional exchange of records, with Mr. Vogel on January 23, 2023, and after being unable to reach a resolution, both sides agreed to receive a mediators' proposal to settle the FLSA putative class members claims, which was offered on January 26, 2023 and held open until 12:00 PM on January 30, 2023, and

WHEREAS, the mediator's proposal set out all relevant terms for the handling and processing of the settlement funds allocable to the putative class member claims including provisions pertaining to what happens to funds not claimed by class members, and

WHEREAS, the parties both agreed to the mediators' proposal regarding the terms related to the funds allocated to the putative class members on January 30, 2023, and

WHEREAS on the parties began a negotiation to resolve the amount of attorneys' fees and costs to be paid by Language Line on January 31, 2023 and reached a resolution regarding the same on February 1, 2023, and

WHEREAS, the average recovery per putative class member is a substantial recovery, and that Language Line outsourced the duties of Implementation Specialists as of October 3, 2022, and

WHEREAS, the parties recognize that the outcome in the Litigation is uncertain and that achieving a final result through the litigation process would require substantial additional risk, discovery, time, and expense, and

WHEREAS, the Named Plaintiff, and his counsel, the Meyers Law Firm LC ("Named Plaintiff's Counsel/Class Counsel"), have conducted a thorough investigation and evaluation of

the facts and law relating to the claims asserted in the Litigation to determine how best to serve the interests of all potential putative class members and believe, in view of the costs, risks, delay, and uncertainty of continued litigation balanced against the benefits of settlement, that the settlement as provided in this Settlement Agreement, is in the best interests of all and that the settlement provided in this Settlement Agreement represents a fair, reasonable, and adequate resolution of the Litigation and the bona fide dispute between the parties.

WHEREAS, the parties have agreed to settle the Litigation as to the 28 non-exempt implementation specialists (the Named Plaintiff and 27 other employees) (the "Putative Class Members") who were employed by Language Line between July 22, 2019 and October 23, 2022 ("Class Period"),

NOW THEREFORE, the parties, intending to be legally bound and in consideration of the mutual covenants and other good and valuable consideration set forth below, do hereby agree as follows:

**AGREEMENT**

1.      <u>Settlement</u>.  Language Line agrees to: (a) establish a settlement fund in the amount of Six-Hundred Thirty-Five Thousand Dollars and No Cents ($635,000.00) ("Class Settlement Fund"), exclusive of attorneys' fees and costs, to compensate Named Plaintiff and all Putative Class Members for alleged state, federal (FLSA), and common law-related wage and hour claims against Language Line, and (b) compensate Named Plaintiff's Counsel/Class Counsel in an amount approved by the Court in the Litigation not to exceed Three Hundred Twenty-Five and No Cents ($325,000) for his attorney's fees and expenses ("Attorney's Fees").  The Class Settlement Fund and Attorney's Fees is inclusive of any and all alleged unpaid minimum wages, straight time wages, overtime wages, liquidated damages, attorneys' fees, costs, expenses, settlement

administration costs, and any reasonable service award. Language Line's share of payroll taxes will be borne separately from the Settlement Fund. The parties are otherwise to each pay their own fees, costs, and expenses. Only the Named Plaintiff, and any Putative Class Member who receives a notice of settlement (the "Notice") pursuant to Paragraph 5(d) and who satisfies the requirements for participating in the settlement specified in Paragraph 5(e) (all together the "Participating Plaintiffs") or are otherwise agreed by the parties' counsel to have done so, are entitled to participate in the settlement.

    a.    <u>Settlement Fund Payment</u>

      i.    The Class Settlement Fund of $635,000 (Six Hundred Thirty Five Thousand Dollars and Zero Cents), less the notice and administrative expenses, not to exceed the amount referenced in Paragraph 1(g), and the class representative fee specified in Paragraph 1(e) ("Net Settlement Fund"), shall be separated into each potential class member's potential share as described in Paragraph 1(b)

      ii.    Named Plaintiff's Counsel/Class Counsel, Kevin C. Koc, will receive a check made payable to Koc Law LLC for attorneys' fees and litigation costs in an amount of $325,000.00 (Three Hundred Twenty Five Thousand Dollars and Zero Cents) or as determined by the Court in the Litigation not to exceed this amount. The payment . will occur five calendar days after the expiration of the Opt-In period described in Paragraph 4(g).

    b.    <u>Settlement Share</u>. Each Putative Class Member shall be allocated a proportionate share of the Net Settlement Fund. The Net Settlement Fund shall be allocated among the Putative Class Members as described in **Exhibit A**, attached hereto (with the amount allocated to each Putative Class Member referred to as that Putative Class Member's "Settlement Share"). The

amount of each Putative Class Member's Settlement Share was calculated based on the following formula:

    i.    Determine the number of weeks that each Putative Class Member traveled away from home to perform work for Language Line during the Class Period ("Travel Weeks"). Determine each Putative Class Member's Total Annual Base Pay and divide that figure by 52 to determine each Putative Class Members' average Weekly Salary during the Class Period.

    ii.    Multiply the Weekly Salary of each Putative Class Member by the number of weeks he or she traveled ("Individual Putative Class Member's Weeks").

    iii.    Add up the Individual Putative Class Member's Weeks for each Putative Class Member to obtain the "Total Putative Class Members' Weeks".

    iv.    To determine the "Resulting Allocation Percentage" for each Putative Class Member, divide each respective Putative Class Member's Individual Putative Class Member's Weeks by the Total Putative Class Members' Weeks.

    v.    To determine the settlement share for each Putative Class Member, multiply the Resulting Allocation Percentage by the Net Settlement Fund.

    c.    <u>Settlement Allocation for Tax Purposes</u>. The total settlement allocation for each Putative Class Member shall be his or her Settlement Share. One-half of the Settlement Allocation to each Participating Plaintiff shall be for settlement of that Participating Plaintiff's claims for alleged unpaid straight, minimum, and overtime wages pursuant to the FLSA, other wage laws, and common laws, which shall be reported on an IRS Form W-2, less applicable taxes and other wage withholdings. The remaining one-half of each Participating Plaintiff's Settlement Allocation shall be for settlement of that Participating Plaintiff's claim for alleged liquidated damages

pursuant to the FLSA and/or applicable state and local laws, which shall be reported on an IRS Form 1099 without any deduction for taxes or other withholdings.

d.  <u>Payroll Taxes</u>.  Language Line will bear only the employer's share of payroll taxes which shall be paid separately from the Settlement Fund.  The Settlement Administrator, on behalf of Language Line, shall be responsible for determining and processing the reporting of and the amount of tax withholding, if any, required from all payments made pursuant to this Settlement Agreement.

e.  <u>Service Award</u>.  Named Plaintiff's Counsel/Class Counsel will apply for a reasonable service award in a total amount not to exceed Eight Thousand Five Hundred Dollars and No Cents ($8,500.00) from the Settlement Fund ("Service Award") for the Named Plaintiff, who Named Plaintiff's Counsel/Class Counsel state materially participated in the prosecution of this Litigation. Language Line agrees to pay Named Plaintiff any Service Award up to this amount, which is approved by the Court in the Litigation. Payment of any Service Award to Named Plaintiff will be made from the Settlement Fund and shall be treated as a non-wage payment for payroll tax purposes.  The amount of the Service Award shall not exceed the above amount.   In exchange for the Service Award and other agreements herein, the parties will execute a separate mutual release.

f.  Under no circumstances shall the amounts allocated on **Exhibit A**, and the amounts awarded for cost administration, and a Service Award exceed Six Hundred Thirty Five Thousand Dollars and No Cents ($635,000.00).

g.  Settlement Administration Expenses shall not exceed $6,000.00. In the event the Settlement Administration Expenses exceed this amount, the expenses in excess of $6,000.00 will be billed as litigation costs to Named Plaintiff's Counsel/ Class Counsel.

DocuSign Envelope ID: CBF6ECE5-7D3E-4436-993C-83DFC0121BB6

2.    <u>Mediation Costs.</u> Language Line will pay the entire costs of the January 23, 2023 of $3,325.00 to Eichens + Vogel Mediation Solutions. The July 21, 2022 mediation costs will be split by the parties and the share attributable to the Putative Plaintiffs' bill be included as a litigation cost under Section 1a(ii).

3.    <u>Settlement Administration Fees</u>. If the Court grants approval of this Settlement Agreement, the settlement will be administered by a Settlement Administrator as set forth below in Paragraphs 4 and 5, including, but not limited to, establishing a Qualified Settlement Fund ("QSF"), administering the settlement, mailing the settlement Notices and Settlement Allocation checks (as set forth in Paragraphs 5(d) and 5(i)) to all Putative Class Members, collecting and compiling a list of Class Members who have endorsed and cashed their checks and furnishing that list to Named Plaintiff's Counsel/Class Counsel and Language Line' Counsel, issuing Settlement Allocation checks, issuing tax forms, calculating taxes and Settlement Allocation payments, answering Putative Class Member inquiries, sending any necessary follow-up correspondence to Putative Class Members, and other administration duties necessary to administer the settlement.

4.    <u>Settlement Administrator</u>.  The parties have agreed to use Analytics Consulting LLC as the "Settlement Administrator."

5.    <u>Settlement Administration</u>.  The parties agree to the following procedure for settlement administration:

a.    Within ten (10) days after the Court approves the Settlement Agreement, Language Line will provide the names and last known addresses only of the Putative Class Members ("Contact Information"), in Excel format, to Named Plaintiff's Counsel/Class Counsel for the limited and sole purpose of confirming the identity of individuals who

contact Named Plaintiff's Counsel/Class Counsel, confirming Settlement Allocation amounts, and that addresses on the envelopes (or on the Notice itself, if using windowed envelopes) for the Notices are correct. Also within ten (10) days after the Court approves the Settlement Agreement, Language Line shall provide the Settlement Administrator with the names and last known addresses, and last known personal e-mail addresses of the Putative Class Members in Excel format, and Plaintiff's Counsel/Class Counsel shall provide the Settlement Administrator with the amount of each Class Member's Settlement Allocation after confirming the list being sent with Language Line' counsel. To the extent reasonably necessary for the work of the Settlement Administrator, Language Line will also provide social security numbers and/or telephone numbers of the Putative Class Members to the Settlement Administrator only. The social security numbers, telephone numbers, etc., of the Putative Class Members will not be provided to Named Plaintiff's Counsel/Class Counsel unless and until a Putative Class Member timely opts-in to the settlement.

      b.      Within twenty (20) business days of receipt of the contact information and Settlement Allocations, the Settlement Administrator shall create a Notice for each Putative Class Member. Copies of said Notices will be delivered to the parties' counsel via email in pdf format for review and approval, which shall not be unreasonably withheld. The parties' counsel shall have five (5) business days to advise the Settlement Administrator of any changes or corrections to the Notices. In the event non-substantive changes to any of the Notices are requested by the Settlement Administrator or the parties, provided the changes are consistent with this Settlement Agreement, the parties may edit and shall endeavor to promptly finalize the Notices.

c.  The Settlement Administrator will make reasonable efforts to obtain valid current addresses for Putative Class Members through the national change of address database, or other similar database, prior to sending the Notice of settlement and Settlement Allocation checks payable to each Putative Class Member and thereafter as the Settlement Administrator deems necessary.

d.  Within five business (5) days after the approval of the Notices by the parties' counsel, the Settlement Administrator shall issue the Notices via Email and first-class U.S. Mail.  This Notice will be in substantially the same form attached hereto as **Exhibit B**, and will be sent to all Putative Class Members (except for the Named Plaintiff who has already opted-in to the Litigation and who is already considered a Participating Plaintiff). The Notice shall (1) explain the nature of the claims brought; (2) inform Putative Class Members of their right to opt in to the settlement and the process to do so by signing and returning a consent to join form within sixty (60) days from the date Notice is mailed; (3) the general formula used to calculate their respective monetary award, as well as their respective estimated Settlement Share; (4) explain that by opting-in to this lawsuit and fully and forever releasing their wage and hour claims as is set forth below in Paragraph 8 (meaning that the Notice shall include the release language set forth in Paragraph 8(a) herein); (5) state that Language Line is not admitting liability and in fact deny the same; (6) state that the Court has not determined that Language Line is liable or that they violated the law; (7) state that the settlement is voluntary and that Language Line has defenses to the claims, including the defenses asserted in the Litigation; (8) state the contact information of Named Plaintiff's Counsel/Class Counsel and the Settlement Administrator; and, (9) refer Putative Class Members that have questions to contact the Settlement

DocuSign Envelope ID: CBF6ECE5-7D3E-4436-993C-83DFC0121BB6

Administrator. The Settlement Administrator shall notify the parties' counsel upon the mailing of Notices. The E-mail that will be sent to Putative Class Members shall advise them of sufficient information to explain the nature of the notice, their respective estimated Settlement Share , and indicate that they should carefully read the accompanying notice to advise them of their rights with respect to the same.

     e.    Putative Class Members will have a deadline of sixty (60) days from the initial mailing of the Notice to opt-in by signing and returning the opt-in form or otherwise be considered to have done so within that period by written agreement of the parties' counsel.

     f.    The Settlement Administrator will provide counsel for the parties a weekly report of the Putative Class Members who signed and returned the opt-in form("Participating Plaintiffs"). Following the period of time for Putative Class Members to participate in the settlement, and a complete list of those participating is known, Named Plaintiff's Counsel/Class Counsel will file a notice with the Court with a list of those who had participated.

     g.    Payment of Named Plaintiff's Counsel/Class Counsel's attorneys' fees, expenses, and costs shall be made within five (5) business days after the mailing of the Putative Class Members' Settlement checks.

     h.    Payment of Named Plaintiff's service award and Settlement Allocation payment shall be made to Named Plaintiff's Counsel/Class Counsel's offices within five business (5) days after the mailing of the Putative Class Members' Settlement Allocations.

     i.    Within ten (10) business days of the close of the opt-in period, the Settlement Administrator shall provide to the parties' Counsel a list of Participating

DocuSign Envelope ID: CBF6ECE5-7D3E-4436-993C-83DFC0121BB6

Plaintiffs and their Settlement Shares (as defined in Paragraph 1(b)). Within twenty (20) days of the close of the opt-in period, or ten (10) business days after the Settlement Administrator provides the above referenced list to the parties' Counsel (whichever is later), an amount equal to the total of the Settlement Shares (as defined in Paragraph 1(b) that are allocated to Participating Plaintiffs shall be paid by Language Line to a QSF established by the Settlement Administrator .

j.       If any Notices are returned by the USPS as undeliverable with a forwarding address, they will be re-mailed to that updated mailing address, if any. Should any Putative Class Member provide updated contact information prior to the close of the 60-day opt-in period, the Settlement Administrator will forward the Notice to this new address. If any Notices to the Named Plaintiff or Participating Plaintiffs are returned by the USPS as undeliverable without a forwarding address, the Settlement Administrator will determine whether there was an error in the address used for mailing, and will promptly correct errors (if any) and re-mail the Notice. Language Line will work with the Settlement Administrator to correct any errors, and the Notice will be promptly re-mailed, if possible.

k.       No later than ten (10) business days after the QSF is funded by Language Line as described in Paragraph 3. above, the Settlement Administrator shall mail or direct deposit their respective Settlement Allocations to each Participating Plaintiff.

l.       All Settlement Allocation checks shall expire within sixty (60) days of issuance ("Check Expiration Date"). The parties may jointly agree in writing to extend this deadline for one or more Participating Plaintiffs.

m.       The Settlement Administrator will provide regular updates about the Settlement Administration process to the parties' counsel.

DocuSign Envelope ID: CBF6ECE5-7D3E-4436-993C-83DFC0121BB6

6.      <u>Reversion to Language Line</u>.  Any Settlement Allocations allocated to any Putative Class Members who do not timely and properly opt into the settlement by timely signing and returning the opt-in form or as being agreed by the parties' counsel in writing to have done so (i.e., Settlement Allocations allocated to any Putative Class Members who do not become Participating Plaintiffs) and other remaining amounts of the Settlement Fund, if any, will revert to/remain with Language Line.  In the event that the Court does not approve the reverter/remainder of funds to/with Language Line, Language Line shall have the option to withdraw from the settlement, and the settlement, Settlement Agreement, and Settlement Terms Sheet shall be null and void at Language Line's option. If Language Line exercises its right to withdraw from the settlement, the parties will negotiate in good faith as set forth in Paragraph 9(d) herein.

7.      <u>Payment Deadlines</u>.   All payment deadlines under this Settlement Agreement, including mailing of the Settlement Allocation checks to Putative Class Members, payment of Named Plaintiff's Counsel/Class Counsel's attorneys' fees and expenses, and any payment of any service award and Settlement Allocation check to Named Plaintiff, are contingent upon the Court not engaging in a two-step approval process or an appeal being filed.  In regard to such payment deadlines, to the extent the Court requires a two-step approval process or at the time of said payments any order approving the settlement is not a final, non-appealable order, the parties agree that the payments set forth in Paragraph 5 of this Settlement Agreement will be made within ten (10) business days after the order approving the settlement is a final, non-appealable order and no appeal is filed.

8.      <u>Release of Claims</u>.

a.      <u>Participating Plaintiffs</u>: Each Participating Plaintiff (including Named Plaintiff, although he is also executing this Settlement Agreement and is bound by the

language herein) by returning a signed opt-in form and becoming entitled to his or her Settlement Share, fully, forever, irrevocably, and unconditionally release, remise, and discharge Language Line, its future, current, and former predecessors, successors, divisions, joint ventures, parents, subsidiaries, affiliates, officers, directors, shareholders, partners, members, principles, employees, agents, assigns, attorneys, insurers, re-insurers, and related parties, each in their individual and corporate capacities, (collectively the "Released Parties"), from any and all known and unknown, and whether asserted or not, suits, actions, causes of action, claims, damages, or demands against the Released Parties, jointly and individually, based on all federal, state, common, and local wage and hour claims, including but not limited to all FLSA claims; all state and local law wage and hour claims; all wage and hour and other related common law claims; all claims for interest, liquidated damages, statutory damages, penalties, attorneys' fees, costs, and expenses related to federal, state, common, and local wage and hour laws and regulatory wage and hour related claims; all claims asserted or that could have been asserted in the Litigation related to federal, state, common, and local wage and hour laws and regulatory wage and hour related violations; all claims for unpaid wages; all claims for overtime; all improper regular rate calculation claims; all weighted average claims; all off-the-clock claims; all misclassification claims; all unpaid travel, meal, and rest break claims; all premium pay claims; all rounding claims; all time-shaving claims; all wage- and pay-related notice claims; all improper and retroactive deduction and reduction claims; all minimum wage claims; all federal, state, common, and local laws and regulatory wage and pay related recordkeeping claims; and all failure to pay time and a half for all hours worked over 40 claims, if any, arising out of employment by Language Line, jointly and individually

("Released Claims"). The aforementioned waiver and release shall relate back to the fullest extent of each and every applicable federal, state, common, and local law statute of limitations and continue through October 3, 2022.

      b.    Putative Class Members who do not participate in the settlement through timely and properly signing and returning their opt-in form (i.e., Putative Class Members who did not become Participating Plaintiffs) will not release any claims that are legally viable.

      c.    Language Line shall have the right to null and void the settlement and Settlement Agreement if the Court does not approve release language substantially similar to that set forth above and/or set forth in the Notice being sent to Putative Class Members. The language that will be present on the Notice is as follows: "**THIS IS A FULL AND COMPLETE RELEASE OF WAGE AND HOUR RELATED CLAIMS**. By signing and returning this opt-in form, I agree to opt into the case titled Rouse v. Language Line Solutions, Inc. 22cv-00204 pending in the United States District Court for the Western District of Missouri. By opting into the case, I agree to release all Released Claims (as defined in the Settlement Agreement) against the Released Parties (as defined in the Settlement Agreement), jointly and individually, and agree that I am forever barred from bringing such claims against the Released Parties (as defined in the Settlement Agreement), jointly and individually." If Language Line exercises its right to withdraw from the settlement, the parties will negotiate in good faith as set forth in Paragraph 9(d) herein.

9.    <u>Court Approval</u>.

      a.    Named Plaintiff's Counsel/Class Counsel will prepare the initial drafts of the motion for approval of settlement and associated pleadings to obtain Court approval of

this settlement and final dismissal of this action with prejudice for review, revision, and approval of/by Language Line's counsel. Counsel for the parties will work cooperatively to finalize the motion for approval of settlement and associated pleadings in an agreed-upon form for submission to the Court. Approval of the documents by Language Line/Language Line's counsel shall not be unreasonably withheld.

b.      The final approval order will be a dismissal with prejudice order and will be drafted in a manner to ensure *res judicata* arises from the dismissal to the maximum extent permitted by law and shall be drafted in a manner and with contents and revisions agreed to by Language Line's counsel prior to submission to the Court.

c.      The parties will cooperate and take all necessary steps to effectuate judicial approval of the Settlement Agreement. Language Line agrees to share with Named Plaintiff's Counsel/Class Counsel any Putative Class Members' dates of employment and travel weeks, and further provide general compensation data to the extent necessary, for Named Plaintiff's Counsel/Class Counsel to confirm the fairness of this settlement and the equitable distribution of Settlement Allocations among Putative Class Members. Language Line further agrees to share any additional information the Court deems necessary for approval of the settlement. Should a request by the Court contradict what is set forth herein, the parties agree to discuss the issue with the Court to determine if the information is truly needed prior to production.

d.      The parties agree that this settlement is contingent upon the approval of the Settlement Agreement in its entirety. In the event that the Court does not approve this Settlement Agreement, the parties agree to continue to negotiate in good faith over an alternative settlement with the assistance of David Vogel or another mediator agreed to by

the parties. However, the attorneys' fees and costs may be subject to review and revision by the Court according to applicable law so long as the amount determined by the Court does not exceed $325,000.00 (Three Hundred Twenty Five Thousand Dollars and Zero Cents). , Any finding by the Court to award a different amount of attorneys' fees and costs may be appealed by either party.

10.    No Admission of Liability or Appropriateness of Class Treatment. By entering into this Settlement Agreement, Language Line admits no liability of any kind, and Language Line expressly denies any liability or wrongdoing.  The parties further agree that this Settlement Agreement does not constitute a determination or admission that any group of similarly situated employees exists to maintain a collective action under the FLSA or a class action under Rule 23 of the Federal Rules of Civil Procedure.

11.    Dismissal and Continuing Jurisdiction.  The parties agree that the case will be dismissed with prejudice with the greatest *res judicata* effect possible under this Agreement and applicable law; provided however, and without affecting the finality of the order dismissing the case with prejudice, the Court shall retain continuing and exclusive jurisdiction over the parties to this Settlement Agreement for the purpose of the administration and enforcement of this Settlement Agreement.  Any dispute, challenge, or question regarding this Settlement Agreement shall be heard only by this Court.

12.    Choice of Law.  The enforcement of this Settlement Agreement shall be governed and interpreted by and under the laws of the State of Missouri.

13.    Extension of Time.  The parties may agree in writing upon a reasonable extension of time for deadlines and dates reflected in this Settlement Agreement, without further notice to the Court.

DocuSign Envelope ID: CBF6ECE5-7D3E-4436-993C-83DFC0121BB6

14.     <u>No Waivers, Modifications, Amendments</u>.  No waiver, modification, or amendment of the terms of this Settlement Agreement, whether purportedly made before or after the Court's approval of this Settlement Agreement, shall be valid or binding unless in writing, and signed by or on behalf of all parties and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval.  Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Settlement Agreement shall not be deemed a waiver of any of the other provisions of this Settlement Agreement, and such party, notwithstanding such failure to require strict performance, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Settlement Agreement.

15.     <u>Acts by the Settlement Administrator</u>.  No delay or omission by the Settlement Administrator to act within the periods specified under this Settlement Agreement shall operate as a breach of this Settlement Agreement, nor shall any failure by the Settlement Administrator to properly administer the settlement.  The parties shall not be considered liable for any failure by the Settlement Administrator to comply with the terms of this Settlement Agreement or to properly administer its duties under the Settlement Agreement, unless, however, their actions directly caused the Settlement Administrator's inability to act within the periods specified under this Settlement.

16.     <u>Agreement to Cooperate</u>.  The parties acknowledge that it is their intent to consummate this settlement, and they agree to cooperate to the extent necessary to effectuate and implement all terms and conditions of this Settlement Agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of this Settlement Agreement.

DocuSign Envelope ID: CBF6ECE5-7D3E-4436-993C-83DFC0121BB6

17.  Final Agreement.  This Settlement Agreement represents the final settlement agreement of the parties and overrides any prior versions of the settlement agreement applicable to the allegations in this case.

18.  Severability. If, after Court Approval of this settlement, any provision of this Settlement Agreement is later held by a court of competent jurisdiction to be void, voidable, unlawful or unenforceable, except the releases described in Paragraph 9(a) and 9(c), the remaining portions of this Settlement Agreement will remain in full force and effect to the extent that the effect of the Settlement Agreement remains materially the same and the obligations of the settling parties remain materially the same.  Nothing in this provision shall be interpreted to nullify or modify Paragraph 9(d), and this severability clause shall not be in effect until and unless there is a final, non-appealable order approving this Settlement Agreement as drafted and agreed to by the parties.

19.  Counterparts.  This Settlement Agreement shall become effective upon its execution, subject to subsequent Court approval.  The parties may execute this Settlement Agreement in counterparts, and execution in counterparts shall have the same force and effect as if the Named Plaintiff, Participating Plaintiffs, and Language Line had signed the same instrument. Any signature made and transmitted by facsimile or email for the purpose of executing this Settlement Agreement shall be deemed an original signature for purposes of this Settlement Agreement and shall be binding upon the signing party.

20.  Capacity.  The Parties executing this Settlement Agreement warrant and represent that they are over the age of eighteen (18) and that they do not suffer from any legal disabilities or mental/physical disabilities that would disable or incapacitate them, even in part, from executing this Settlement Agreement.  The Parties executing this Settlement Agreement further warrant and

represent that they have not taken any drug or medication prior to the execution of this Settlement Agreement that would prevent them from understanding and agreeing to the terms herein.

21. <u>Corporate Signatories</u>. Each counsel or other person executing this Settlement Agreement or any such related documents on behalf any party hereto warrants that such person has the authority to do so.

22. <u>Captions</u>. The captions or headings of the paragraphs in this Settlement Agreement are inserted for convenience or reference only and shall have no effect upon the construction of interpretation of any part of this Settlement Agreement.

**Named Plaintiff**

By: _____
Name: Derek Rouse.
Date: 3/8/2023

**Language Line Services, Inc**

By: _____
Name: Turie Cavaliere
Title: Chief Financial Officer
Date: 03/08/2023

DocuSign Envelope ID: CBF6ECE5-7D3E-4436-993C-83DFC0121BB6

DocuSign Envelope ID: CBF6ECE5-7D3E-4436-993C-83DFC0121BB6

# INDEX OF EXHIBITS

| Exhibit | Description |
|---|---|
| A | Estimated Individual Settlement Awards |
| B | Notice of Settlement |

4856-3630-0373, v. 1

# Exhibit A

| Putative Class Member | Estimated Settlement Allocation |
|---|---|
| Jossety Parada Bernal | $3,972.85 |
| Alejandro Perez-Hobrecker | $25,441.14 |
| Dora Favero | $29,678.85 |
| Taylor Zeitlin | $26,019.35 |
| Aaron Kahokuolani | $40,474.55 |
| Madalyn Nicols | $26,019.35 |
| Adam Moore | $41,630.96 |
| Jonah Trosky | $34,916.29 |
| Claudia-Isabel Ramirez-Segovia | $43,943.79 |
| Isabel Eguia | $40,474.55 |
| Robert Schmidt | $75,484.10 |
| Pedro Rosales | $58,398.99 |
| Shawndrea Boler | $1,156.42 |
| Ethan Potts | $2,098.33 |
| Clayton Whitehead | $13,876.99 |
| Nicholas Jackson | $2,937.67 |
| Dabra Watters | $5,455.67 |
| Derek Rouse | $26,019.35 |
| Adrianne Crank | $5,455.67 |
| Conley Carter Jr. | $10,491.67 |
| Adrian Cruz Jr. | $33,769.20 |
| Frances Latalladi | $5,455.67 |
| Jaspreet Gill | $21,822.68 |
| Nhi Hang | $9,540.43 |
| Daniela Koehn | $7,134.34 |
| Gilbert  Rodriguez | $12,720.57 |
| Juan Gonzalez Jr | $10,608.25 |
| Tania Adams | $5,502.30 |

Exhibit B

# Notice Of Voluntary Settlement of Unpaid Overtime Wage Lawsuit

## DEREK ROUSE v. LANGUAGE LINE SERVICES, INC. Case No. 4:22-cv-00204

**You are receiving this notice because you are estimated to receive $_____ from a settlement with Language Line Services, Inc.**

## BUT YOU MUST TAKE ACTION BY [INSERT     DATE] TO RECEIVE PAYMENT

**This Notice affects your rights.**
**Please read it carefully.**

This **is not a** solicitation from a lawyer.  The U.S. District Court for the Western District of Missouri has authorized this Notice at the request of the parties to this lawsuit and as a part of the voluntary settlement. The Court did not decide which side is right or wrong.

TO: <<FIRST NAME>> <<LAST NAME>>

RE: Settlement of Claims for Alleged Unpaid Overtime Wages and Related Wage Claims.

- **This Notice of Settlement is to inform you that Language Line Services, Inc. ("LLS") agreed to settle an unpaid overtime collective action lawsuit filed by Derek Rouse claiming LLS violated the Fair Labor Standards Act ("FLSA") by not paying overtime wages to Implementation Specialists when they worked over 40 hours per week.**

- The parties have agreed to, and the Court has approved, a settlement in this case as a collective action on behalf of 28 Implementation Specialists employed by LLS between July 22, 2019 and October 3, 2022. ("Class Period"). The Court has not decided who is right or wrong; this is a voluntary settlement.

- You are receiving this Notice because you have been identified as an Implementation Specialist who worked during the Class Period ("Potential Claimant"). This Notice is to inform you about the status of the lawsuit, including your right to receive a monetary share of the settlement funds.

| Your Legal Rights and Options in this Lawsuit | |
|---|---|
| **Participate** | If you wish to participate in this settlement, you must return the Claim Form by INSERT DATE. You can do so by sending it via the enclosed First Class Mail envelope, or by visiting [[INSERT CLAIMS FORM WEBSITE]], or by sending it via Email to [[insert email address]] |
| **Do Nothing** | If you choose to do nothing, you will not be considered a part of this lawsuit and will not be subject to the judgment. This lawsuit and settlement will have no effect on you, and you will not receive any part of the settlement funds. You will not release any claims. |

**DEADLINE FOR JOINING: [INSERT DEADLINE 60 DAYS AFTER MAILING]**

## What is this Case About?

Named Plaintiff Derek Rouse ("Plaintiff"), was a salaried Implementation Specialist and remote worker who frequently traveled on behalf of LLS and alleges that he worked more than 40 hours a week while on out of town assignments. Plaintiff filed the above referenced lawsuit against LLS. The lawsuit alleges that LLS should have paid him and other Implementation Specialists an hourly overtime rate for work in excess of 40 hours per week because such positions were not exempt from overtime wages under the FLSA. Language Line Services, Inc. denies Plaintiff's allegations and asserts that it has properly compensated Implementation Specialists for all hours worked.

On December 29, 2022, the U.S. District Court for the Western District of Missouri approved this case to proceed as a collective action. The parties conducted a mediation on January 23, 2023, and shortly thereafter, reached a settlement.

This Settlement is the result of arms-length negotiations between the Plaintiff and LLS and their respective attorneys. Both parties agree that this Settlement is fair and appropriate under the circumstances to resolve any unpaid overtime claimed. On [INSERT DATE], the Court approved, at the request of the parties, the voluntary Settlement of this case.

This Notice is being sent to you because you are a Potential Claimant. To obtain payment under this Settlement, you must fully complete and timely return the Claim Form attached to this Notice. If you do not do so, you will not receive a settlement payment and you will not release any legal claims.

## What is the Settlement?

Through this Settlement, each Potential Claimant who timely submits a Claim Form shall receive a portion of the settlement fund that was negotiated on behalf of the class, after payment of Plaintiff's service award as well as notice and administration costs. Settlement payments are anticipated to be made on or about 40 days from the close of the Opt-in Period. The parties separately negotiated a fund to compensate the attorneys who represented the class to cover the attorneys' fees and costs. The individual settlement amounts were determined according to a formula that takes into account each Potential Claimant's weekly salary and weeks traveled on behalf of LLS during the Class Period. This allocation has been approved by the Court as part of the settlement. As a Potential Claimant, you do not owe additional payments for attorneys' fees or other litigation costs from your estimated settlement amount.

One-half of your settlement amount is considered wages and shall be subject to the withholding of all applicable local, state, and federal taxes. The remaining one-half is considered liquidated damages and will not have tax withheld, but the amount is taxable and you are likely to owe income tax on that amount. Please consult with your accountant or other tax advisor regarding the tax consequences of the settlement amount paid to you for tax planning purposes.

You have two options with respect to the Settlement:

OPTION 1: To participate in this Settlement and secure the estimated settlement payment set forth above, you must properly execute and timely return the Claim Form. You may submit the Claim Form in several ways, including electronically by visiting [insert website] or by mailing, faxing, or emailing the Claim Form attached to this Notice to:

> LLS Wage and Hour Litigation
>
> c/o INSERT ANALYTICS LLC
>
> INSERT ADDRESS
>
> INSERT EMAIL ADDRESS
> INSERT FAX

**You must submit the Claim Form no later than sixty (60) days from the date of mailing, [INSERT DATE], to participate in this Settlement and receive the estimated settlement payment set forth above.**

To ensure your participation, you are advised to track delivery and confirm receipt with the Settlement Administrator. Upon cashing the check you receive or otherwise requesting the funds via direct deposit, you will also release all claims for unpaid wages of any kind against LLS and related individuals and entities.

OPTION 2: If you do not complete and timely return the Claim Form attached to this Notice, you will not be a part of this action, you will not be subject to the judgment, and you will not release any claims. The lawsuit and settlement will have no effect on you. Because of the operative statute of limitations applicable to this case, and because you have not opted-in to the litigation, if you do not join this settlement, you may lose any right, if such a right exists, to recover in the future for these claims.

**What Legal Claims Am I Releasing?**

The release of legal claims is limited to those that relate to claims for LLS's failure to properly compute or pay all your lawful wages owed for the hours you worked.

Specifically, by joining this settlement and signing and submitting a claim form, you agree to be bound by the Agreement to settle the case, and agree to release LLS and all its affiliates, parents, subsidiaries, predecessors, successors, officers, directors, employees and agents, from any and all known or unknown claims, debts, penalties, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, interests, causes of action of whatever kind or nature relating in any way to the failure to properly compute or pay wages during the Class Period or to the facts and claims that were alleged or that reasonably arise out of the acts alleged in the lawsuit, which includes all claims for uncompensated time, minimum wages, overtime wages, or any other wages, including, but not limited to, claims arising under the FLSA, state statutes governing minimum wages, overtime wages, and payment of wages, wage notices, state common law (breach of contract, unjust enrichment and

other common law claims), and any other federal, state, or local law, rule, regulation, ordinance, or public policy. If you decide not to participate in the settlement, then you should not submit a claim form. If you do not participate, then your rights will not be affected.

## IV. QUESTIONS

All Potential Claimants who have not already opted into this lawsuit will receive this Notice. **Questions about the lawsuit, the Settlement, the Notice, and/or the Claim Form should be directed to the Settlement Administrator at Language Line Services Wage and Hour Litigation c/o INSERT ADMINISTRATOR, INSERT CONTACT INFORMATION (including phone number**).

## V. NAMED PLAINTIFF'S/CLASS COUNSEL

Should you join this lawsuit by timely and properly completing a Claim Form, the Court has designated Kevin C. Koc of the Meyers Law Firm as your attorney and he will be representing you in this matter and may be reached at:

> **THE MEYERS LAW FIRM**
> Kevin C. Koc
> 4435 Main Street
> Suite 503
> Kanas City, Missouri 64111
> Ph: 816-280-4215
> Fax: 816-444-8228
> Email: kkoc@meyerslaw.com
> *www.meyerslaw.com*

## VI. CORRECTIONS TO NAME OR ADDRESS

If you need to make changes or corrections to your name, address, or update your contact information, you can complete the change of information section on the Claim Form or contact the Settlement Administrator at Language Line Services Wage and Hour Litigation c/o Analytics LLC, INSERT ADDRESS. **If you elect to participate, you will be responsible for updating any address changes** to timely ensure payment of your settlement payment.

**PLEASE DO NOT CONTACT THE COURT REGARDING THIS NOTICE**

ABC1234567890                                                    Claim Number:  1111111
\\\\\\\\\\\\\\

JOHN Q CLASSMEMBER                                        PIN: [                  ]
123 MAIN ST
APT 1
ANYTOWN, ST 12345

# CLAIM FORM FOR PAYMENT

**DEREK ROUSE v. LANGUAGE LINE SERVICES, INC. Case No. 4:22-cv-00204**

**This form can be completed online at:  [                          ]**

**Settlement Agreement can be viewed at:  [                      ]**

*You Must Complete All **THREE** Steps to Claim a Share of the Settlement Fund*:

1.      **You Must Provide Your Contact Information.**

   Name: _____

   Address: _____

   City/State/Zip Code: _____   Telephone Number: _____   Email Address:_____

2.      **You Must Agree To This Statement.**

   I am opting into and agree to be bound by the Settlement Agreement in ***Rouse v. Language Line Services, Inc. Case No 4:22-cv-00204***.

   _____
   (Sign your name here)

3.      **You Must Return this Claim Form so that it is Received (if returned by fax, or electronic  delivery) or Postmarked (if returned by U.S. mail) by [          ]:**

   (a)      Fax this Claim Form to: [                 ]   ***OR***

   (b)      Mail this Claim Form to:  Language Line Services Overtime Lawsuit, c/o Analytics Consulting LLC, [ADDRESS]         ***OR ___***

   (c)      Submit this Claim Form electronically at: [website]_____

                              ***OR***

   (d)      Email this Claim Form to: [email address]

   *If the deadline to submit this form has already expired, then you may still be eligible to receive a payment. Please email a copy of this completed form to [EMAIL ADDRESS] or call [PHONE] as soon as possible.

4.  **You *may* provide your ACH Routing and Account Number to Receive Your Settlement via Direct Deposit**

   **Routing Number _____   Account Number _____**