IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

DEREK ROUSE, individually and o/b/o )
all other persons similarly situated, )
                                                               )
                        Plaintiff, )
                                                               )      No. 4:22-cv-0204-DGK
vs. )
                                                                )
LANGUAGE LINE SERVICES, INC., )
                                                                )
                      Defendant. )

**ORDER RE MOTION FOR RECONSIDERATION**

This is a collective action lawsuit in which Plaintiffs are seeking to recover unpaid wages and overtime pursuant to the Fair Labor Standards Act ("FLSA"). Plaintiffs are a putative class of approximately thirty current and former employees who have worked as Implementation Specialists for Defendant Language Line Services, Inc., from July 22, 2019, to present. The Court recently denied preliminary approval of a revised proposed settlement. ECF No. 53.

Now before the Court is Plaintiff's Motion for Reconsideration of Denial of Collective Class Settlement. ECF No. 54. Plaintiff asks the Court to reconsider its denial on three grounds.

First, Plaintiff contends the Order "did not evaluate the substantial recovery obtained on behalf of the class members individually." Mot. at 1. Plaintiff contends the $635,000 settlement was a great deal for the class, and then highlights the potential payout to each class member. Absent from Plaintiff's argument is any discussion, or even acknowledgment, that this $635,000 figure is illusory. It is based on the gross settlement fund *prior to reversion* and assumes a 100% participation rate. What is not illusory is that the proposed settlement guarantees Plaintiff's counsel a fee of $317,360 regardless of how many class members participate in the settlement. As the Order observed, "The case law and commentary are clear that this arrangement is

disfavored as a conflict of interest." Order at 8.

Second, Plaintiff suggests the sixty-day additional tolling agreement has "substantial value" and that those who choose not to accept the settlement "are likely to separately pursue claims." The Order concluded that while this provision had theoretical value, it was unlikely to make any tangible difference. Plaintiff's conclusion that this provision has substantial value is unsupported by anything in the record, case law, any treatise, and the Court's experience.

Third, with respect to the Order's concerns about collusion, Plaintiff argues the attorneys' fee award provision is "a function of a very good result for the class, not one of collusion, as the foremost factor in considering the reasonableness of the attorneys' fees is the benefit for the class." Mot at. 8. But there is no mention, must less rebuttal of, the various legal authorities cited in the Order observing the proposed settlement contained numerous indicia of collusion and should not be approved for that reason.

Finally, in the last section of his brief, Plaintiff suggests "the Court at least approve the amount that was to be awarded to the class (e.g. $635,000 less the service award to the Plaintiff). . . . The amount of Plaintiff's attorney's fees can be subject to a later negotiation after the claims process plays itself out." This request is puzzling. A proposed settlement is not a buffet of individual provisions from which the Court can pick and choose. *See Dennis v. Kellogg Co.*, 697 F.3d 858, 868 (9th Cir. 2012) (holding a "settlement must stand or fall in its entirety."). The Court's options were to approve the entire settlement or deny the entire settlement. It could not approve one part of the proposed settlement—the amount awarded to the class—and leave other provisions open for the parties to negotiate later.

On the other hand, to the extent the brief is suggesting the Court's concerns about collusion might be ameliorated by amending the proposed settlement to allow the Court to

determine the amount of the fee award after the opt-in period has expired, the Court agrees. The Court has never suggested that the gross value of the proposed settlement—$635,000—is insufficient. The Court's concerns had to do with indicia of collusion and ensuring that Plaintiff's counsel did not benefit disproportionately from the settlement. Amending the attorneys' fees provision to allow the Court to determine the amount of the fee award is one potential way to address that concern. But that is for the parties to decide, not the Court. *See Jeff D. v. Andrus*, 899 F.2d 753, 758 (9th Cir. 1989) ("[C]ourts are not permitted to modify settlement terms or in any manner to rewrite agreements reached by parties."). The Court will keep an open mind with respect to any proposed settlement.

The motion for reconsideration is DENIED.

**IT IS SO ORDERED.**

Date: November 1, 2023 /s/ Greg Kays  
GREG KAYS, JUDGE  
UNITED STATES DISTRICT COURT