IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DEREK ROUSE, individually and o/b/o all other persons similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) ) |
| LANGUAGE LINE SERVICES, INC., | ) ) |
| Defendant. | ) |

No. 4:22-cv-0204-DGK

## ORDER APPROVING NOTICE, NOTICE PROCEDURES, AND CONSENT TO JOIN FORM

This is a collective action lawsuit in which Plaintiffs are seeking to recover unpaid wages and overtime pursuant to the Fair Labor Standards Act ("FLSA"). Plaintiffs are a putative class of approximately thirty current and former employees who have worked as Implementation Specialists for Defendant Language Line Services, Inc., from July 22, 2019, to present. The Court recently denied preliminary approval of a proposed settlement. Now before the Court are the parties' Joint Motion for Approval of Notice of Class Action, Notice Procedures, and Consent to Join Form ("Motion for Approval of Notice") (ECF No. 31), and the parties' joint briefing concerning a revised scheduling and trial order (ECF No. 51).

Previously, the Court partially approved the Motion for Approval of Notice, but took under advisement that portion asking the Court to appoint Kevin Koc of the Meyers Law Firm to serve as class counsel and Plaintiff Derek Rouse to serve as class representative. Order Regarding J. Mot. for Approval of Notice, ECF No. 46. The Court did so because there was nothing in the record setting out their qualifications for these roles. *Id*. The Court sought supplemental briefing on these issues, which Plaintiff has provided. Pl.'s Suppl. Mem. in

Support of Mot. for Conditional Class Certification, ECF No. 48. After reviewing the supplemental briefing, the balance of the motion for conditional certification is GRANTED for the following reasons.

The FLSA does not set forth procedural guidelines for the certification of collective actions as Rule 23 does for certifying class actions. *See Espenscheid v. DirectSat USA, LLC*, 705 F.3d 770, 772 (7th Cir. 2013). Because collective actions and class actions are in some respects very similar, the caselaw typically looks to Rule 23 for guidance in determining whether a proposed collective action should be conditionally certified. *See id.* (noting there is no "good reason to have different standards for certification of the two different types of actions, and the case law has largely merged the standards"). Plaintiff agrees, citing Rule 23 for criteria to determine the adequacy of the proposed class representative and proposed class counsel. Pl.'s Suppl. Mem. at 2.

In determining whether a proposed class representative is adequate, Rule 23 asks whether a candidate "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This inquiry seeks to uncover any conflicts of interest between the proposed representative and the class he seeks to represent. *See Amchem Prods., Inc., v. Windsor*, 521 U.S. 591, 625 (1997). Here, the Court finds no conflicts between Plaintiff and the proposed class, and the Court holds Plaintiff is an adequate class representative, at least for purposes of conditional certification. That said, the Court has concerns whether Plaintiff (or any non-lawyer for that matter), can adequately protect the class where, as here, there are red flags suggesting class counsel may be working under a conflict of interest. *See* Order Den. Without Prejudice Proposed Settlement, ECF Nos. 42; Order Den. Approval of Revised Proposed Settlement, ECF No. 53.

In determining whether proposed class counsel is adequate, Rule 23 states the Court must consider (1) the work counsel has done in identifying and investigating potential claims in the action; (2) counsel's experience in handling the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A). The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). Finally, the Court "may order potential class counsel to provide information on any subject pertinent to the appointment." Fed. R. Civ. P. 23(g)(1)(C).

Applying the 23(g)(1)(A) factors here, the Court finds proposed class counsel has identified and investigated potential claims and weighed their potential strengths and weaknesses as demonstrated by the analysis in his supplemental brief in support of the proposed settlement (ECF No. 40). This brief also demonstrates command of the applicable law. Counsel also has experience litigating FLSA case, though he has not tried any in several years. As for the resources counsel will commit to representing the class, they appear to be sufficient, particularly since this is a relatively small class. These factors weigh in favor of approving Mr. Koc as class counsel.

After carefully considering all the relevant circumstances, including the fact that the Court is only considering conditional certification at this time, the Court appoints Mr. Koc as class counsel. *See Jin v. Shanghai Original, Inc.*, 990 F.3d 251, 262-63 (2nd Cir. 2021) (holding a district court may *sua sponte* decertify a class action, even on the eve of trial, if it finds class counsel is no longer fairly and adequately representing the interests of the class).

Accordingly, the parties' Joint Motion for Approval of Notice of Class Action, Notice Procedures, and Consent to Join Form (ECF No. 31) is GRANTED. Plaintiff Derek Rouse is

appointed class representative and Plaintiff's counsel Kevin Koc of the Meyers Law Firm is appointed class counsel.

As for notice procedures and a consent to join form, the Court rules as follows:

1. The Notice of Lawsuit for Unpaid Wages, attached as Exhibit A to the Joint Motion for Approval of Notice of Class Action, Notice Procedures, and Consent to Join Form (ECF No. 31-1) shall be issued to individuals who were or are employed by Defendant in the role of Implementation Specialists from July 22, 2019, to the present ("Putative Class Members"). This notice shall not be revised to include information about the prior proposed settlements.

2. By November 10, 2023, Defense counsel shall provide the third-party administrator chosen by the parties with the names, last-known mailing addresses, last-known personal email addresses, and Social Security numbers for all Putative Class Members. Defendant's counsel will provide class counsel with the names and last-known mailing address for all Putative Class Members. Class counsel shall not use this information to initiate contact regarding this action with any Putative Class Member who has not completed and returned a consent to join form. However, class counsel is not prohibited from initiating contact using contact information obtained from other means in manners consistent with the applicable ethical rules.

3. Prior to mailing the Notice and Consent to Join Form, the third-party administrator will verify the most recent mailing addresses for the putative class members. A second mailing will go out to any putative class member for whom Notice is returned as undeliverable, provided a forwarding address is given by the U.S. Postal Service or is otherwise located by the third-party administrator using the National Change of Address database or comparable database search.

4. Putative Class Members will be able to return the Consent to Join Form electronically, by email, by first-class mail, or facsimile.

5. Within sixty (60) days of the initial mailing of the Notice, Putative Class Members who wish to opt into the lawsuit must fill out and return the Consent to Join Form, either electronically or by mail, fax, or e-mail, to the third-party administrator.

6. A reminder notice shall be sent via a postcard and email since reminders notices are commonplace in contemporary society and will ensure that those who wish to participate in this lawsuit do so. The Court approves the notice as set forth in the Joint Motion for Approval of Notice of Class Action, Notice Procedures, and Consent to Join Form, Exhibit B. ECF No. 31-2.

The Court will issue a revised Scheduling and Trial Order covering Phase II (merits discovery, dispositive motions, and trial) contemporaneously with this Order.

**IT IS SO ORDERED.**

Date: November 1, 2023     /s/ Greg Kays
                           GREG KAYS, JUDGE
                           UNITED STATES DISTRICT COURT