# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| DEREK ROUSE, individually and o/b/o all other persons similarly situated, ) ) ) Plaintiff, ) ) vs. ) ) LANGUAGE LINE SERVICES, INC., ) ) Defendant. ) | No. 4:22-cv-0204-DGK |

## ORDER CONCERNING JOINT STIPULATION OF DISMISSAL

This is a conditionally certified collective action lawsuit in which Plaintiffs are, or were, seeking to recover unpaid wages and overtime pursuant to the Fair Labor Standards Act ("FLSA"). During the first eighteen months of this lawsuit there was limited active litigation, but the parties sought preliminary approval of two proposed settlements, both of which the Court denied because of concerns with indicia of collusion. ECF Nos. 42, 53. Now before the Court is the parties "Joint Stipulation of Dismissal," ECF No. 58, brought pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).

In relevant part, Rule 41 states that "[s]ubject to . . . any applicable federal statute, the plaintiff may dismiss an action without a court order by filing: (ii) a stipulation of dismissal signed by all parties who have appeared." (Emphasis added.) In the present case, there is an applicable statute, the FLSA, which prohibits dismissal with prejudice under these circumstances. Although ordinarily employers and employees are allowed to settle their disputes without court approval, where, as here, an employee has brought a lawsuit directly against a private employer for violating the FLSA, in order for any settlement to have a res judicata effect it must be (1) approved by the court as a fair and reasonable resolution of a bona fide dispute over FLSA provisions, and (2)

entered by the court as a stipulated judgment. *Copeland v. Abb, Inc.*, 521 F.3d 1010, 1014 (8th Cir. 2008) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982); *Brask v. Heartland Automotive Services, Inc.*, No. 06-CV-00011 RHK/AJB, 2006 WL 2524212, at *1 (D. Minn Aug. 15, 2006).

Here, the Court has not approved any settlement nor has it entered a stipulated judgment. Thus, any dismissal negotiated between the parties cannot have a res judicata effect, and the action cannot be dismissed with prejudice.

Accordingly, the above-referenced case is dismissed without prejudice, with each party to bear their own costs and attorneys' fees.

**IT IS SO ORDERED.**

Date: January 9, 2025          /s/ Greg Kays
                               GREG KAYS, JUDGE
                               UNITED STATES DISTRICT COURT